IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EDWARD D. FAGAN, | § § § | |
| *Plaintiff,* | § § | |
| vs. | § § | SA-19-MC-00111-FB |
| J.P. MORGAN CHASE BANK, CITIBANK N.A., JOHNBULL EJOVI, J.P. MORGAN CHASE BANK A/K/A CHASE BANK ACCOUNT HOLDER; AND CTS GLOBAL SUPPLY CHAIN SOLUTIONS, CITIBANK ACCOUNT HOLDER; | § § § § § § § § § | |
| *Defendants.* | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Petitioner Edward D. Fagan's Ex Parte Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 to Aid in Foreign Proceeding [#1]. This miscellaneous action was automatically referred to the undersigned pursuant to Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

By his application, Fagan, proceeding *pro se*, asks the Court to issue various subpoenas pursuant to 28 U.S.C. § 1782 for use in foreign proceedings in the Republic of South Africa. For the reasons set forth below, the undersigned recommends the Court deny the application.

# I. Analysis

The Court should deny Petitioner Edward D. Fagan's Ex Parte Application, filed pursuant to 28 U.S.C. § 1782. "Section 1782 allows an interested party to a foreign proceeding to apply to a United States district court in order to obtain discovery related to the foreign proceeding where the source of the discovery is not a party to the foreign proceeding and can be found within the jurisdiction of the district court." *Tex. Keystone, Inc. v. Prime Nat. Res., Inc.*, 694 F.3d 548, 553–54 (5th Cir. 2012). It provides, in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court . . . . To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a). Three statutory requirements must be satisfied before a district court may grant assistance under § 1782(a): (1) the person from whom discovery is sought must reside or be found in the district in which the application is filed; (2) the discovery must be for use in a proceeding before a foreign tribunal; and (3) the application must be made by a foreign or international tribunal or "any interested person." *Tex. Keystone*, 694 F.3d at 553 (quoting 28 U.S.C. § 1782(a)). The Court should deny Fagan's application because he has not demonstrated that the discovery sought is for use in a proceeding before a foreign tribunal.

Fagan is an individual residing in Boca Raton, Florida, who believes that he and others are the victims of a Nigerian inheritance scam that is purportedly being prosecuted and criminally investigated in the Republic of South Africa. (Application [#1] at 1–2.) Fagan's application requests subpoenas directed at several banks located in the Western District of Texas

he alleges were the recipients of monies related to the scheme to support his complaint. (*Id.* at 1–6.) Fagan asks the Court to compel the banks to produce account records regarding the transactions that allegedly defrauded him and others. (*Id.*) Fagan admits in his application that he is utilizing Section 1782 to "follow the money" in order to identify the persons and entities committing scheme to defraud him and others and he intends to use the information to develop other criminal complaints in the United States and Canada. (*Id.* at 2–3.) Fagan states that the subpoenas are the only way to obtain the evidence from these financial institutions and account holders needed to present to the South African authorities and investigators. (*Id.* at 13.)

Fagan attaches a number of documents in support of his application: documents on South African Police Service letterhead and correspondence and other related documents relating to the inheritance scheme. These documents, however, do not demonstrate that there is an actual pending criminal prosecution in South Africa related to Fagan's allegations. Rather, the Court has before it a mostly illegible copy of a handwritten complaint Fagan himself authored and directed to the South African Police Service in January 2019. (Ex. 1 [#1] at 35–39.) Fagan has also supplemented the record with a declaration, which states that investigators in South Africa have been assigned to his complaint and they have requested his presence in South Africa for interviewing and a more detailed statement in support of his complaint. (Supp. Decl. [#4].)

Although evidence may be produced pursuant to Section 1782 even in the absence of a pending foreign adjudicative proceeding, there must at least be some indication that such proceedings were "within reasonable contemplation" at the time the application was made. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 259 (2004); *Bravo Express Corp. v. Total Petrochemicals & Ref. U.S.*, 613 Fed. App'x 319, 322 (5th Cir. 2015) (quoting *Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d

1262, 1270 (11th Cir. 2014) (requiring a district court to "insist on reliable indications of the likelihood that proceedings will be instituted within a reasonable time"). Fagan's supplemental declaration still falls short of demonstrating that a foreign adjudicative proceeding is "within reasonable contemplation," establishing only that foreign investigatory authorities in South Africa are doing their due diligence to determine whether Fagan's complaint has any merit. *Cf. Bravo Express Corp.*, 613 Fed. App'x at 323 (finding that sworn affidavit from partner at law firm representing applicant, indicating that action would be "imminently filed" in London courts, was sufficient evidence that litigation was within "reasonable contemplation").

Moreover, even if Fagan could satisfy the statutory factors, the Court should decline to exercise its discretion and deny the application. Once an interested party makes the requisite showing that it has met the statutory factors, the district court judge has the discretion to grant the application seeking the authority to issue subpoenas. *Tex. Keystone*, 694 F.3d at 553 (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004)) ("[Section] 1782(a) authorizes, but does not require, a federal district court to provide judicial assistance to foreign or international tribunals or to 'interested person[s]' in proceedings abroad."). A "district court is not required to grant a § 1782(a) discovery application simply because it has authority to do so." *Intel Corp.*, 542 U.S. at 264. District courts should consider the following factors when determining whether to grant the discovery: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," as "the need for § 1782 aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant" in the foreign proceeding; (2) the nature and character of the foreign proceedings; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the requests are "unduly intrusive or

burdensome." *In re Application of RSM Prod. Corp. v. Noble Energy, Inc.*, 195 F. Supp. 3d 899, 902 (S.D. Tex. 2016) (citing *Intel Corp.*, 542 U.S. at 264).

This Court should not permit a self-declared victim of a fraudulent scheme to utilize Section 1782 in hopes that it might possibly aid an investigation by the South African Police at some point in the future. To do so would be to countenance the very kind of "fishing expedition" district courts are counseled to guard against. *See In Re Request for Assistance for Ministry of Legal Affairs of Trinidad and Tobago*, 848 F.2d 1151, 1156 (11th Cir. 1988), *abrogated on other grounds by Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) ("If the judge doubts that a proceeding is forthcoming, or suspects that the request is a 'fishing expedition' or a vehicle for harassment, the district court should deny the request."). *See also In re Certain Funds, Accounts, &/or Inv. Vehicles Managed by Affiliates of Fortress Inv. Grp. LLC*, No. 14 CIV. 1801 NRB, 2014 WL 3404955, at *6 (S.D.N.Y. July 9, 2014) ("Courts must embrace Congress's desire that broad discovery be available for parties involved in international litigation while also guarding against the potential that parties may use § 1782 to investigate whether litigation is possible in the first place, putting the cart before the horse."). In light of these concerns, Fagan's request for extensive bank records and account information is unduly burdensome and should not be granted.

## II.  Conclusion and Recommendation

Having considered the application before the Court in light of the governing law, the undersigned recommends that Edward D. Fagan's Ex Parte Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 to Aid in Foreign Proceeding [#1] be **DENIED**.

### III. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 28th day of February, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE